UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARMANDO GONZALEZ-VILLEGAS,

Petitioner,

v.

ALBERTO R. GONZALES, *et al.*,

Respondents.

CASE NO. C04-1430-RSM-MJB

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

On June 21, 2004, petitioner Armando Gonzalez-Villegas filed, through counsel, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the Board of Immigration Appeals' refusal to reopen his final order of removal to Mexico. (Dkt. #1). Because petitioner was uncertain as to whether jurisdiction over his claims was vested in this Court pursuant to 28 U.S.C. § 2241 (habeas corpus) or in the Ninth Circuit Court of Appeals pursuant to 8 U.S.C. § 1252 (petition for review), petitioner simultaneously filed a petition for review in the Ninth Circuit, raising the same claims as his habeas petition. (Dkt. #1 at 4). The parties subsequently agreed to hold this matter in abeyance pending resolution of petitioner's petition for review in the Ninth Circuit. (Dkt. #8). On July 22, 2004, this Court entered an order holding the habeas petition in abeyance pending

REPORT AND RECOMMENDATION
PAGE – 1

resolution of the petition for review. (Dkt. #9).

On June 6, 2005, respondents filed a Motion to Dismiss petitioner's habeas petition pursuant to the recently enacted REAL ID Act of 2005, Pub. L. No. 109-13, §§ 101 and 106, 119 Stat. 231 (May 11, 2005)("REAL ID Act"), arguing that the District Court lacks subject matter jurisdiction to review petitioner's habeas petition. (Dkt. #10). On June 22, 2005, petitioner filed a response, contending that § 106(c) of the REAL ID Act requires this Court to transfer the instant case to the Ninth Circuit Court of Appeals. (Dkt. #11). Respondents acknowledge that the REAL ID Act contains a mechanism for transferring habeas petitions to the appropriate court of appeals, and state that they have no objection to the transfer of this case to the Ninth Circuit. (Dkt. #12).

In light of the recent enactment of the REAL ID Act, I recommend that petitioner's habeas petition be transferred to the Ninth Circuit Court of Appeals as a Petition for Review.

## TRANSFER OF JURISDICTION

On May 11, 2005, the President signed into law the REAL ID Act of 2005. Under Section 106(a)(1)(B) of the REAL ID Act, two new paragraphs (4 and 5) were added to 8 U.S.C. § 1252(a), which governs judicial review of removal orders. Paragraph 5 of 8 U.S.C. § 1252(a) has particular relevance to this case; it provides:

> (5) EXCLUSIVE MEANS OF REVIEW.--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005) (Division B, Section 106(a)(B)). This provision

REPORT AND RECOMMENDATION
PAGE -2 -

explicitly deprives this Court of jurisdiction under 28 U.S.C. § 2241 to review an order of removal entered under the Immigration and Nationality Act.  Moreover, Section 106(b) of the REAL ID Act explicitly provides that Section 106(a) is retroactive: "subsection (a) shall take effect upon the date of enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment."  Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005) (Division B, Section 106(a)(B)).  In this action, petitioner seeks judicial review of a final administrative order of removal.  Accordingly, under the REAL ID Act, this Court no longer has jurisdiction to entertain this action.

However, Section 106(c) of the REAL ID Act provides that if any § 2241 habeas corpus case challenging a final administrative order of removal, deportation, or exclusion is pending in a district court on the date of enactment, "then the district court *shall* transfer the case (or any part of the case that challenges the order of removal ...) to the [appropriate] court of appeals."  Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005) (Division B, Section 106(c))(emphasis added).  Accordingly, this action should be transferred to the Ninth Circuit Court of Appeals for resolution as a Petition for Review in accordance with § 106(c) of the REAL ID Act.

## CONCLUSION

For the foregoing reasons, I recommend that this case be transferred to the Ninth Circuit Court of Appeals as a Petition For Review pursuant to Section 106(c) of the REAL ID Act.  A proposed Order accompanies this Report and Recommendation.

DATED this 22nd day of July, 2005.

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -3 -